IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN L. STEWART,<br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>    Defendant. | )<br>)<br>)<br>)   Civil Action No. 07-0757<br>)<br>)<br>)<br>)<br>) |

ORDER

This is an appeal from the final decision of the Commissioner denying plaintiff's claim for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-403. Plaintiff Karen L. Stewart (hereinafter "plaintiff"), alleges that the Administrative Law Judge's (hereinafter "ALJ") decision that she is not disabled and therefore not entitled to benefits, should be reversed because it is contrary to law and unsupported by substantial evidence. The parties have filed cross-motions for summary judgment on this issue.

On February 17, 2005, plaintiff applied for SSI, alleging a disability onset date of January 25, 2005, due to severe depression, panic attacks, asthma, anxiety attacks, migraine headaches and pain in her neck, back, legs and knees. On August 6, 2005, plaintiff timely requested a hearing after her initial claim was denied on July 11, 2005. The hearing was held before ALJ Douglas W. Abruzzo on May 15, 2006, at which

plaintiff, represented by an attorney, testified, as did a vocational expert and plaintiff's friend, Dale Sturtz. The ALJ denied plaintiff's claim on August 14, 2006 finding that although she had severe physical impairments, none of the impairments met or were medically equal to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ further found that plaintiff retained the residual functional capacity ("RFC") to perform heavy work that requires the following: limitations to simple, routine and repetitive tasks; no more than simple, work related decisions; the avoidance of ladders, ropes, scaffolds and working around unprotected heights. The ALJ concluded that Plaintiff could perform her past relevant work as a cashier and custodian. The ALJ did not find good cause to reopen prior determinations denying her benefits on July 14, 2000 and October 22, 2004. The Appeals Council affirmed the ALJ's decision on May 10, 2007, thus becoming the final decision of the Commissioner. Plaintiff then filed her complaint herein seeking judicial review of the Commissioner's final decision.

Plaintiff argues that the ALJ's decision denying her disability insurance was erroneous. Specifically, she argues that the ALJ erred in determining that her diagnosed migraines, seizure disorder, asthma, severe depression, and anxiety disorder

2

were not severe and that her impairments did not meet or medically equal any listed impairments. The ALJ also erred in concluding that her testimony regarding her subjective symptoms was not credible. Plaintiff further alleges that the ALJ discounted the medical opinion and findings of her treating sources. Finally, plaintiff contends that the ALJ improperly concluded that she retained the RFC to perform heavy work.

Where the Commissioner's findings are supported by substantial evidence we must affirm. 42 U.S.C. §405(g); see Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). Substantial evidence is more than a mere scintilla of evidence but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981). The "substantial evidence" standard of review requires that we review the whole record. Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003).

The Court of Appeals for the Third Circuit has noted that, under the Social Security Act, "a disability is established where the claimant demonstrates that there is some medically determinable basis for an impairment that prevents him from engaging in any substantial gainful activity for a statutory twelve month period." Fargnoli v. Halter, 247 F.3d 34, 38-39 (3d

Cir. 2001) (citations and internal quotations omitted). In gainful activity, plaintiff's impairments must be "of such severity that he is not unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. at 39. (citing 42 U.S.C. §423(d)(2)(A)).

The Commissioner has promulgated regulations that establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§404.1520(b), 416.920(b). First, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity; if so, the claimant is not disabled. Second, the Commissioner must determine whether the claimant has a "severe" impairment or combination of impairments; if not, then a finding of non-disability is made and the inquiry ends. Id. §§ 404.1520(e), 416.920(e). Third, if the claimant has a "severe" impairment, the Commissioner must compare it to those in a listing of impairments ("listing") which are presumed to be severe enough to preclude any gainful work. If the impairment meets or equals any within the listing, disability is presumed and benefits are awarded. Id. §§ 404.1520(d), 416.920(d). Fourth, if the claimant's impairments do not meet or equal those in the listing,

4

the Commissioner must determine whether the impairments prevent the claimant from performing her past relevant work activity. Id. §§ 404.1520(e), 416.920(e). Fifth, if the claimant is unable to perform his relevant past work, then a prima facie case of disability is established. Id. §§ 404.1520(f), 416.920(f).

If the claimant establishes a prima facie case, the burdens shifts to the Commissioner to demonstrate that the claimant retains the ability to do other work activity and that -- given his or her age, education and work experience -- jobs the claimant could perform exists in the national economy. Boone v. Barnhart, 353 F.3d 203, 205 (3d Cir. 2003).

The ALJ determined that: (1) plaintiff has not engaged in substantial gainful activity since the alleged onset of disability; (2) plaintiff's severe impairments are right knee, right shoulder, and back degenerative disease and opiate dependence with a history of alcohol abuse; (3) none of plaintiff's impairments meet or medically equal one of the listed impairments; (4) plaintiff has the RFC to perform heavy work that requires limitations to simple, routine and repetitive tasks and no more than simple, work related decisions and the avoidance of ladders, ropes and scaffolds, and working around unprotected heights; (5) plaintiff is able to perform all of her past relevant work; and (6) there are a significant number of jobs in

the national economy that plaintiff could perform. Tr. 6, at 15-23.[1]

The ALJ correctly concluded that some of plaintiff's alleged impairments (anxiety disorder, migraines, seizure disorder, depression and asthma) were not severe. Plaintiff reported that she has been suffering from grand mal seizures although the ALJ noted that the source and characterization of the seizures differed with each account of the seizures. Plaintiff initially stated that her seizures began in 2003 but in later reports stated March 2005. Tr. 6, at 20. In May 2005, plaintiff alleged that the seizure activity started in 2003 after she was assaulted. Id. In September 2005, she reported that she had been struck by a brick which brought on the seizures but could not produce a copy of the police report she stated she had filed. Id. Objective tests also showed no abnormalities in plaintiff's brain nor was there evidence of epileptiform

---

[1] Defendant filed the Transcript of the Administrative Proceeding in eight parts (Document No. 6, part 1, 55 pages in total; Document No. 6-2, part 2, 55 pages in total; Document No. 6-3, part 3, 55 pages in total; Document No. 6-4, part 4, 55 pages in total; Document No. 6-5, part 5, 55 pages in total; Document No. 6-6, part 6, 55 pages in total; Document No. 6-7, part 7, 55 pages in total; and Document No. 6-8, part 8, 22 pages in total. The Court will cite to the Transcript by listing the document number and the page (an example being, Tr. 6-3, at 1, which refers to the Transcript, Document No. 6-3, at page 1).

discharges or any seizure activities triggered by photic stimulation. Id.

As further proof of the severity of her impairments, plaintiff points to the Employability Assessment Form for the Pennsylvania Department of Public Welfare ("PA DPW form"), completed by one of her treating sources, Dr. Mills. In the form, Dr. Mills stated that plaintiff was permanently disabled. Despite plaintiff's argument to the contrary, a disability determination by another governmental or non-governmental agency is not binding on the determination for social security disability benefits. See 20 C.F.R. § 404.1504 ("A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us").

As for plaintiff's alleged mental impairments, the ALJ noted that she had undergone a consultative psychological evaluation in April 2005, conducted by Dr. Bridges. Tr. 6-5, at 21. The ALJ found Dr. Bridges' assessment to be credible and noted that plaintiff made no mention of any psychological issues. Id. Plaintiff only reported her physical ailments and did not

mention any psychological impairments when describing her clinical history. Id. Dr. Bridges found that plaintiff is able to understand, remember and carry out instructions. Tr. 6-5, at 24. She is also able to respond appropriately to supervisors, co-workers and work pressures. Id. Thus, the Court finds that the ALJ properly found that some of plaintiff's impairments were not severe.

The Court also finds that plaintiff did not meet her burden in showing that her impairments met or equaled Listings 1.00 (Musculoskeletal System), 3.00 (Respiratory System), 11.00 (Neurological Disorders) and 12.00 (Mental Disorders). The ALJ examined plaintiff's daily activities as well as the medical opinions of the treating sources and the objective medical evidence. Tr. 6, at 17. The ALJ found there was no evidence of deterioration or decompensation at work or in work-like settings. Id. State agency medical consultants, Drs. Bryan and Jonas found that plaintiff's functional limitations were not extensive enough to preclude her from working or to establish her disability. Tr. 6, at 21, 6-5, at 35, 42-48).

Plaintiff also argues that the ALJ erred in finding her testimony regarding her subjective symptoms to be not credible. Allegations of pain and other subjective symptoms must be supported by objective medical evidence. Hartranft v. Apfel, 181

8

F.3d 358, 362 (3d Cir. 1999). See also, 20 C.F.R. §404.1529. Furthermore, "[a]n ALJ's credibility determinations are generally entitled to great weight and deference." Fargnoli, 247 F.3d at 43.

The ALJ noted that plaintiff's "statements are self contradictory and much of the testimony at the hearing is not supported by logic or medical evidence." Tr. 6, at 21. The ALJ found that many of plaintiff's subjective complaints were not supported by the type of treatment she was receiving. The medical evidence also did not reflect the alleged frequency and intensity of incidents and symptoms. Thus, the ALJ's determination that plaintiff's testimony regarding her subjective symptoms was not credible is supported by substantial evidence.

Plaintiff asserts that the ALJ discounted the medical opinions and findings of her treating sources. The Court finds this assertion to be baseless. As discussed earlier, plaintiff's attempt to utilize the PA DPW's disability assessment as indicative of her disability determination for social security benefits is improper. Furthermore, the ALJ found that plaintiff's contentions dealt with the portion of the record that fell outside of the relevant time period and that the treating sources' conclusions contrasted with her testimony on her capabilities and daily activities.

9

Finally, plaintiff assets that the ALJ improperly concluded that she retained the RFC to perform heavy work. Residual functional capacity constitutes what a claimant can do in spite of her limitations. The determination of a claimant's RFC is a medical assessment. 20 C.F.R. §404.1545(a). The ALJ considered the opinions of plaintiff's treating sources and the state agency medical consultants and reviewed all of the medical evidence and claimant's testimony at the hearing. The ALJ found that plaintiff had the capacity to perform heavy work and could do her past relevant work as a cashier and custodian. Tr. 6, at 22. The vocational expert testified that plaintiff's past relevant work as a cashier was unskilled and required light exertion while her previous position as a custodian (also unskilled work) required medium exertion. Id. The vocational expert also testified that there were 4,127 light, medium, heavy and sedentary jobs in the local economy.

Based on the evidence of record and the briefs filed in support of each party's summary judgment motion, the court concludes that substantial evidence supports the Commissioner's finding that plaintiff is not disabled. The decision of the ALJ denying plaintiff's application for disability benefits will be affirmed.

AND NOW, this 2nd day of September, 2008, IT IS HEREBY

ORDERED that plaintiff's motion for summary judgment [doc. no. 8] is DENIED and defendant's motion for summary judgment [doc. no. 10] is GRANTED.

IT IS FURTHER ORDERED that final judgment in this court is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure and the Clerk of Court is directed to mark this case closed.

BY THE COURT:

_____, J.

cc: All Counsel of Record